ART STEEL COMPANY, INC., Plaintiff, *v.* FEDERICO O. VELAZQUEZ, as President of United Steelworkers of America, C.I.O., Local 1764, et al., Defendants.

Supreme Court, Special Term, Bronx County, January 3, 1952.

*William Auerbach* for United Steelworkers of America, defendant.

*Walter R. Mansfield, Sidney P. Howell, Jr.,* and *Robert F. Morten* for Ricardo N. Cabassa and others, defendants.

*Morris Wagman* and *Irving Sheinfeld* for plaintiff.

Di Falco, J. This motion under rule 106 of the Rules of Civil Practice is directed solely to the dismissal of the complaint on the ground that the court is without jurisdiction of the cause of action; that the matter is exclusively within the control of the National Labor Relations Board and the Federal courts and that the State courts are without power to redress any of the grievances alleged therein.

The complaint alleges that the plaintiff is a corporation engaged in interstate commerce and has a collective bargaining agreement with Local 1764 of the United Steel Workers of America, C.I.O.; that the union has been certified by the National Labor Relations Board as the sole and exclusive bargaining agent for the plaintiff's employees and the written contract made with the said union does not expire by its terms until June 15, 1953. That the defendants, including a labor organization, to wit, Art Steel Employees Union, District 50, United Mine Workers of America, have breached and are inducing a breach of this agreement and are attempting to coerce the plaintiff into recognizing District 50 as the representative of the employees despite the contract with and the prior certification of Local 1764. The complaint then sets forth various

acts of intimidation, coercion, mass picketing, violence and various other acts, all of which have caused and are causing it damage, and which violate the terms of its agreement and tend to vitiate its contract with Local 1764. The contention is advanced that the acts complained of are only cognizable before the National Labor Relations Board and that Congress has vested in said board and the Federal courts exclusive jurisdiction to deal with the acts complained of.

I have heretofore held in this case upon an application for a temporary injunction that no labor dispute exists under section 876-a of the Civil Practice Act. (See N. Y. L. J., Dec. 24, 1951, p. 1748, col. 6.)

It is apparent that plaintiff's action is predicated upon the existence of a valid subsisting contract and that the defendants are attempting unlawfully to interfere with said contract and nullify it. The charges in the complaint are alleged illegal acts rather than unfair labor practices as set forth in Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 158, subd. [b], par. [4], clause [C]) which provides as follows: " It shall be an unfair labor practice for a labor organization or its agents  *  *  *  (4) to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is:  *  *  *  (C) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title ".

The acts claimed herein have occurred *after* the making of, and entering into and execution of, a contract with the plaintiff's employees. Notwithstanding that such acts are within the purview of clause (C) of paragraph (4) of subdivision (b) of section 158 of the United States Code, this court is not without jurisdiction, even though there may be concurrent jurisdiction in the National Labor Relations Board and the Federal courts.

We search in vain for any provision or statement in the statute that after a valid contract has been made the National Labor Relations Board has any power to interfere with the actions of the employer or the individual employees, or that the board, having certified the representative of the employees as the bargaining agent after a contract had been entered into,

can change that designation during the life of the contract. The purpose of the act establishing the jurisdiction of the National Labor Relations Board in its original form and as amended was to bring the parties, the employees and the employer, to a status of equality so that one would not dominate or control the other in its preliminary bargaining opportunities. Once the parties have been placed upon an equal footing and have entered into a collective bargaining agreement, aided by the protective provisions of the Taft-Hartley Act, the National Labor Relations Board no longer has exclusive jurisdiction over the parties in the protection of a valid and binding contract affording valuable property rights. The National Labor Relations Board having given the parties the full protection under the act, its function and exclusive jurisdiction ends when the parties, management and labor, have resolved their differences and reached an agreement as to wages, hours, conditions and representation, by the execution of a binding agreement.

Moreover, this action is based upon alleged illegal acts, which are also tortious in their nature, embraced in paragraphs (1), (2), (3) and (4) of subdivision (a) of section 187 of title 29 of the United States Code, which section further provides: " (b) Whoever shall be injured in his business or property by reason of any violation of subsection (a) of this section may sue therefor * * * *or in any other court having jurisdiction of the parties,* and shall recover the damages by him sustained and the cost of the suit " (emphasis supplied), rather than under the sections claimed by the defendants (see *International Longshoremen's & Warehousemen's Union* v. *Juneau Spruce Corp.,* 342 U. S. 237).

The intent with which statutes are enacted " is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and remedy in view " (1 Kent's Commentaries 462; see, also, McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 95). Our Court of Appeals has pointed out that courts " do not merely read the bare end product of the legislative labors " but rather " read the statute in the light of the state of facts which were found by the Legislature, and which prompted the enactment " (*St. Nicholas Cathedral of Russian Orthodox Church in America* v. *Kedroff,* 302 N. Y. 1, 31); and that " statutes, directed against known and stated evils, are not to be stretched to cover situations having no regard or reasonable relation to those evils " (*Metropolitan Life Ins. Co.* v. *Durkin,* 301 N. Y. 376, 381).

The whole intendment of the act, as explained by its author, Senator Taft, was to bring the employees and employers to an equal status insofar as their respective bargaining abilities are concerned. He states (93 Congressional Record 3835, 3836 [April 23, 1947]): '' Basically, I believe that the committee feels, almost unanimously, that the solution of our labor problems must rest on a free economy and on free collective bargaining. The bill is certainly based upon that proposition. That means that we recognize freedom to strike when the question involved is the improvement of wages, hours, and working conditions, *when a contract has expired and neither side is bound by a contract.''* (Emphasis supplied.)

Once the parties have been placed in a position of bargaining equably and have entered into a collective bargaining agreement pursuant to the Taft-Hartley Act and all its protective provisions, the National Labor Relations Board no longer has sole jurisdiction over the parties while the contract exists.

The Federal decisions have sustained State court jurisdiction in actions similar to the case before us. (See *Allen-Bradley Local* v. *Board*, 315 U. S. 740; *Auto Workers* v. *Wis. Board*, 336 U. S. 245; *Automobile Workers* v. *O'Brien*, 339 U. S. 454; *Bus Employees* v. *Wisconsin Board*, 340 U. S. 383; *International Longshoremen* v. *Juneau Spruce Corp.*, 189 F. 2d 177, affd. 342 U. S. 237, *supra*, and *Goodwin's, Inc.*, v. *Hagedorn*, 303 N. Y. 300.)

All of the above-cited cases are in accord that there is a large area concerned with labor where the State courts still have jurisdiction which has not been taken away by the Congress in its power to control labor in its relationship to interstate commerce.

In *Goodwin's, Inc.*, v. *Hagedorn* (*supra*) the Court of Appeals reversed a dismissal of a complaint, holding that the New York State courts had jurisdiction and that it was error by the trier of the facts to dismiss a complaint where the conduct of the defendants was such '' to coerce the employer into committing an act which is denounced as an employer unfair labor practice '' in the National Labor Relations Act. (P. 307.) The court further stated that where the acts complained of were actionable torts under the laws of this State, plaintiff was entitled to injunctive relief and the acts were not within the province of the National Labor Relations Act.

I conclude that the complaint, alleging acts and conduct which interfere with a valid contract, and which have and will cause substantial damage to plaintiff, as claimed here, and will result

in irreparable injury, states a cause of action that is cognizable and remediable in the courts of New York. Accordingly, I find that the complaint states a good cause of action of which this court has jurisdiction. The motion to dismiss is denied.